IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALVIN PUTMAN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **08-MC-86-MJR-CJP** |
| | ) |
| **LIMA AUTO MALL, INC., et al.**, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Airtex Products. L.P., is before the Court seeking to quash the subpoenas duces tecum issued to two of its employees, Ken Otey and Craig Gottfried. **(Doc. 2).** Plaintiff, Alvin Putman, has responded **(Docs. 4, 6 and 7)**, and Airtex has filed a reply **(Doc. 10)**.

As a preliminary matter, the basis for the Court's jurisdiction should be understood. The subpoenas were issued in connection with a case pending in the Northern District of Indiana, *Alvin Putman v. Lima Automall, Inc.*, Case No. 3:05-00738-RLM-CAN. Pursuant to Federal Rule of Civil Procedure 45(a)(2)(C), because the deposition/production is to occur in Fairfield, Illinois, the subpoenas were issued from this judicial district. Accordingly, enforcement of the subpoena is the prerogative of this Court. **Fed.R.Civ.P. 45(c)(3)(A).**

Although the subpoenas were issued to Ken Otey and Craig Gottfried, the Court concludes that Airtex has standing to move to quash the subpoena for several reasons. Airtex was named as a defendant in the above-captioned product liability action, but has been dismissed as a party. Airtex does not purport to be before the Court as a party to this action; rather, it appears Airtex is acting in its capacity as the employer of Otey and Gottfried and the owner of

1

the documents sought through the subpoenas. The subpoenas name Otey and Gottfried, but are addressed to them at Airtex. The depositions and/or production is to occur at Airtex. The documents requested are in the possession, custody and/or control of Airtex. Correspondence sent by plaintiff's counsel regarding the subpoenas and a corresponding request for production from a non-party clearly reflect that the subpoenas are in effect directed to Airtex. (*See* **Doc. 2-5, pp. 2 and 6).**

Airtex argues that the subpoenas: (1) seek documents and information not relevant to the remaining claims in *Alvin Putman v. Lima Automall, Inc.*; and (2) the subpoenas are an attempt to secure the opinions of unretained experts, in violation of Federal Rule of Civil Procedure 45(c)(3)(B)(ii).

With respect to relevance, Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).** Airtex is no longer a party and, according to the declaration of its president, Dimitri Monge, the fuel pump at issue in this case was not manufactured by Airtex. **(Doc. 2-4, pp. 2-3).** However, as Airtex acknowledges in its motion, plaintiff hopes to have Otey and Gottfried opine (through documentation and/or testimony) about the fuel pump at issue in this case, vis-a-vis their involvement years later in resolving problems with an entirely different fuel pump. Plaintiff further specifies that he is interested in Otey and Gottfried's

2

knowledge of defendant Boss Hoss Cycles' use of Teflon tape and/or paste sealant, which may show a pattern or practice of behavior relevant to the installation of the fuel pump at issue in this case. Otey and Gottfried were involved in testing the type of pump at issue in this case when Boss Hoss Cycles was having a rash of problems with the pumps it was installing. Thus, the information sought from Otey and Gottfried is *arguably* likely to lead to the discovery of admissible evidence. This Court need not delve further into inevitable evidentiary issues better left to the trial judge.

Although the information sought from Otey and Gottfried falls within the broad definition of relevance, Federal Rule of Civil Procedure 45(c)(3)(B)(ii) dictates that a subpoena be quashed if it:

> requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party.

The rule is aimed at protecting the intellectual property of non-party witnesses. **Fed.R.Civ.P. 45, Advisory Committee Notes, 1991 Amendments, Subdivision(c).** An expert is defined by Federal Rule of Evidence 702 as someone qualified by knowledge, skill, experience, training or education, with scientific, technical or other specialized knowledge that will assist the trier of fact to understand the evidence or to determine a fact in issue.

The subpoenas at issue encompass opinion evidence, data kept by Airtex and the personal observations of Otey and Gottfried. The portion of the information sought that can be characterized as "opinion" evidence certainly falls under Rule 45(c)(3)(B)(ii) and need not be produced or revealed in a deposition.

It appears that the bulk of the data, if not all of it, pertains to Airtex pumps, not Carter

pumps, which are at issue in this case. Otey and Gottfried's personal observations are sought to establish Boss Hoss's improper practice of installing pumps– regardless of brand– using Teflon tape or paste. It appears that plaintiff is attempting to gather data and observations, if not expert conclusions, via subpoena.[1]

Even if there is no intellectual property to be protected, Rule 45(c) is generally aimed at protecting non-parties from undue burden and expense. **Fed.R.Civ.P. 45(c)(1);** *see also* **Fed.R.Civ.P. 45, Advisory Committee Notes, 2006 Amendments.** When the Court considers the burden plaintiff is imposing upon Airtex in order to obtain data from a non-party for its own benefit, the Court cannot escape the conclusion that plaintiff is overreaching and abusing the subpoena power. Plaintiff simply cannot escape the restrictive wording of Rule 45(c)(3)(B)(ii) and coopt Otey and Gottfried's research and conclusions.

**IT IS THEREFORE ORDERED** that Airtex's motion to quash the subpoenas duces tecum issued to Ken Otey and Craig Gottfried **(Doc. 2)** is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: January 6, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

---

[1] Realistically, Otey and Gottfried's research and observations can hardly be separated from their expertise.

4